# IN THE SUPREME COURT OF THE STATE OF NEVADA

SALAH MAIZA, INDIVIDUALLY; AND
NEVADA CHECKER CAB
CORPORATION,
Appellants,
vs.
DENISE KING,
Respondent.

No. 64966

FILED

JAN 15 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING MOTION TO DISMISS AND ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to confirm an arbitration award inclusive of attorney fees, costs, and interest, and denying a motion to vacate the award. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Respondent has moved to dismiss this appeal, arguing that the parties agreed that the arbitration decision is final and binding and to waive their right to appeal. Appellants oppose the motion, arguing that they are not challenging the decision by the panel but rather the district court's decision regarding the timing of respondent's requests for interest, costs, and attorney fees. The motion to dismiss is denied. Although the parties agreed to be bound by the arbitrators' decision and to waive their rights to litigate the dispute and/or appeal the arbitrators' award, both parties filed district court motions after the arbitration award issued and litigated in district court the matters of interest, costs, and fees. The appeal is limited to the timeliness issue and the court's decision denying appellants' motion to vacate the award under NRS 38.241(1)(d). Given the limited scope of this appeal, we conclude that the waiver provision does

not require the appeal's dismissal.[1] *Hudson v. Horseshoe Club Operating Co.*, 112 Nev. 446, 457, 916 P.2d 786, 792 (1996) (discussing waiver).

On appeal, appellants argue that the district court improperly interpreted the parties' arbitration agreement in determining that interest, costs, and attorney fees matters were governed by NRS 17.115, NRS 18.020, and NRCP 68, such that respondent's motions for such awards were timely filed under NRCP 54(d)(2)(B), which provides that a motion for attorney fees "must be filed no later than 20 days after notice of entry of judgment is served." Appellants argue that the arbitration was governed by NRS Chapter 38, and respondent therefore was required to move under NRS 38.237 to modify or correct the award within 20 days after receiving the arbitration award, which she failed to do.

Having considered the parties' arguments, we conclude that the district court did not err in confirming the arbitration award inclusive of interest, costs, and fees, and declining to vacate the award. The parties' agreement provides that the "Offer of Judgment Rule as specified in NRCP 68 and NRS 17.115 shall apply to the arbitration proceedings for the purposes of determining the prevailing party," and that the "prevailing party shall recover costs pursuant to NRS 18.005 and attorney's fees and prejudgment interest pursuant to NRS 17.115 and NRCP 68." Although the parties also reserved their rights under certain provisions of NRS Chapter 38, including NRS 38.237, the district court found that because the agreement expressly provided that the offer of judgment rule shall apply and the prevailing party shall recover prejudgment interest, costs, and attorney fees, the agreement's references to NRS 17.115, NRS 18.005,

---

[1]Appellants' request for sanctions is denied.

and NRCP 68 created an exception to the provisions under NRS Chapter 38 regarding the timeliness for filing a motion to modify, correct, or vacate the award. The court therefore determined that under NRCP 54(d)(2)(B), respondent's district court motion was timely filed less than 20 days after service of notice of the court's order and judgment confirming the arbitration award with prejudgment interest. We perceive no reversible error in that determination.[2] *See Am. First Fed. Credit Union v. Soro*, 131 Nev. Adv. Op., 73, 359 P.3d 105, 106 (2015) (recognizing that when there is no dispute of fact, contract interpretation presents a legal issue, which calls for de novo review on appeal); *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 97, 127 P.3d 1057, 1067 (2006) (providing that a district court order confirming an arbitration award is reviewed de novo on appeal).

Appellants also argue that the district court erred by denying their motion to vacate the award under NRS 38.241(1)(d) on the ground that two of the arbitrators exceeded their powers by removing the third arbitrator from the panel. The district court denied the motion, finding nothing to indicate that the result would have been any different if the matter were referred back to the panel with the third arbitrator participating. We perceive no error in this decision either. First, at the status check hearing, appellants stated that the arbitrator's removal did

---

[2]In *WPH Architecture, Inc. v. Vegas VP, LP*, 131 Nev., Adv. Op. 88, 360 P.3d 1145, 1148-49 (2015), we determined that a party's request for costs and attorney fees under NRCP 68, NRS 17.115, and NRS 18.020 did not require an arbitration panel to award costs and fees because NRS 38.238(1) makes such awards permissive in an arbitration proceeding. Here, in contrast, the parties' agreement expressly provided that NRCP 68, NRS 17.115, and NRS 18.020 governed in determining the prevailing party, who shall be awarded prejudgment interest, costs, and fees.

not "matter because it's a majority decision anyway," so "it's neither here nor there." When later asked, appellants were unable to articulate what form of relief they wanted the district court to grant in regard to the arbitrator's removal. Regardless, appellants have not met their burden of demonstrating how the award was made in excess of the arbitrators' powers given that the agreement provided that the panel would decide respondent's claims, which it did, resulting in a binding majority decision. The third arbitrator's removal did not occur until after that arbitrator agreed that respondent was the prevailing party. *See Health Plan of Nev., Inc. v. Rainbow Med., LLC*, 120 Nev. 689, 697, 100 P.3d 172, 178 (2004) (explaining that absent a showing by clear and convincing evidence, "courts will assume that the arbitrator acted within the scope of his or her authority and confirm the award"). The district court correctly confirmed the award, and consequently, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:   Hon. Kenneth C. Cory, District Judge
      Nathaniel J. Reed, Settlement Judge
      Thorndal Armstrong Delk Balkenbush & Eisinger/Reno
      Thorndal Armstrong Delk Balkenbush & Eisinger/Las Vegas
      Arin & Associates, PC
      Parker, Nelson & Associates
      Eighth District Court Clerk